**United States District Court**
**Southern District Of New York**

Patricia J. Ritchie,

                Plaintiff

v.

Northern Leasing Systems, Inc., Lease Finance Group, LLC, Ricardo Brown, Robert Taylor, and John Does 1-50

                Defendants

12 CV 4992

**COMPLAINT**

JURY TRIAL DEMANDED

### Nature of the Action

1. This action arises out of Defendants' wilful violations of the credit reporting statutes in order to coerce individuals from far off places to make pay unwarranted sums to Defendants. Plaintiff Ms. Ritchie never even had any dealings with Defendants. Nevertheless, Defendants impermissibly accessed her credit report. Thereafter, Defendants made an adverse entry on her credit report, and wilfully refused to delete that entry. Ms. Ritchie asserts claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*, ("FCRA"), under New York's Fair Credit Reporting Act, N.Y. Gen. Bus. L., §380 *et seq*, and seeks compensatory, statutory, punitive and/or exemplary damages together with equitable and injunctive relief as well as attorneys' fees and expenses.

### Jurisdiction

2. Jurisdiction is proper under the Fair Credit Reporting Act, 15 U.S.C. §1681(p), and the principles of supplementary jurisdiction, 28 U.S.C. §1367.

## Parties

3. Ms. Patricia J. Ritchie is a resident of Suisun City, California. Ms. Ritchie is a "consumer" within the meaning of the FCRA, 15 U.S.C. §1681a(c), and NYFCRA, Gen. Bus. L., §380a- (b).

4. Defendant Northern Leasing Systems, Inc., is a New York corporation with its principal place of business at 132 West 31st Street, New York, New York. It is ostensibly in the business of originating and servicing micro-ticket leases.

5. Defendant Lease Finance Group, LLC, is a Delaware limited liability company authorized to do business in New York. Upon information and belief, it is one of over 100 shell entities managed and operated by Defendant Northern Leasing and/or Northern Leasing's principals from the same offices in the same business using the same personnel with the same forms and employing the same modus operandi.

6. Defendant Ricardo Brown is Defendants' Legal Recovery Director.

7. Defendant Robert Taylor is Defendants' Legal Collections Manager.

8. Defendants John Does Nos. 1-50 are either individuals or corporate entities affiliated with the other Defendants, which individuals/entities are joint tortfeasors, conspirators, general or specific agents and/or "alter egos" of Defendants. Such individuals/entities have wilfully or negligently engaged in the same wrongful conduct as alleged against Defendants, and were familiar with and authorized the unlawful policies and practices complained of herein.

9. Defendants are "furnishers of information" within the meaning of the FCRA, 15 U.S.C. § 1681s-2, and "users" of consumer credit reports within the meaning of NYFCRA, Gen. Bus. L., §380a-(i).

## Factual Background

10. This case involves Defendants' wilful attempts to intimidate Ms. Ritchie in essentially a "shakedown" effort, in common parlance, to bully her into paying Defendants monies to which Defendants never were entitled. Defendants' scheme, at issue in several other lawsuits,[1] includes threatening to trash, and wilfully trashing, their victims' personal consumer credit reports.

11. The Individual Defendants, Brown and Taylor, were responsible at all relevant times for investigation of disputes raised by consumers with credit reporting agencies with respect to Defendants' adverse entries

12. Between 2007 and 2009, Ms. Ritchie operated a legal document preparation service under California law.

13. Sometime in October of 2008, Ms. Ritchie's business leased a point-of-sale machine from a company called "Merchant Made Easy." For this purpose, she submitted a voided check, and a signed Merchant Processing Application to Merchants Made Easy. Ms. Ritchie did not sign any other agreements, contracts, guarantees or other commitments in connection with that transaction.

---

[1] Defendants' fraudulent scheme and deceptive practices are at issue in many proceedings, including class actions currently pending in several courts. *See, e.g.*, Angermeir v. Cohen, 7:12-cv-00055-KMK (S.D.N.Y.); Pludeman et al. v. Northern Leasing, Inc., et al. Index No. 04/101059 (N.Y. Sup. N.Y. Co.); Just Film, Inc., v. Merchant Services, Inc., No. C 10-1993 CW (N.D. Cal); and Aldrich v. Northern Leasing Systems, Inc., I. No. 602803/2007 (N.Y. Sup. N.Y. Co).

3

14. Subsequently, Ms. Ritchie was diagnosed with breast cancer, and had to undergo treatment therefor, including several surgeries. She closed the business and returned the machine to Merchant Made Easy.

15. In April of 2010 Defendants commenced harassing Ms. Ritchie. They called her repeatedly, rudely demanding payments under an alleged lease. Ms. Ritchie categorically informed Defendants that she had never signed any lease with them, and demanded that they stop the harassment. Nevertheless, Defendants' dunning calls continued.

16. On or about August 31, 2010, Defendants, through Defendant Lease Finance Group, made an adverse entry on Ms. Ritchie's consumer credit report with the credit reporting agency Experian. Defendants reported that they had "charged off" $1,836, which Ms. Ritchie allegedly owed."

17. Further, Defendants, through Defendant Lease Finance Group, accessed Ms. Ritchie's credit report on or about August 20, 2010 and December 8, 2010.

18. In addition, on or about February 16, 2011, Defendants commenced a lawsuit against Ms. Ritchie in the New York City Civil Court.

19. Ms. Ritchie filed a *pro se* answer and asserted that she never had any business or any dealings with Lease Finance Group, and hence any signature in her name had to be, of necessity, forged. She subsequently had to retain attorneys in New York to defend her against these bogus claims.

20. On or about April 3, 2012, Ms. Ritchie disputed this adverse entry with the credit reporting agency Experian, and demanded that Defendants investigate and rectify

the inaccurate entry.  Upon information and belief, Experian duly notified Defendants of Ms. Ritchie's request.

21. Defendants wilfully failed and refused to conduct any investigation.  Although Ms. Ritchie had categorically asserted that her signatures had been forged in the alleged lease underlying Defendants' claim, Defendants did not even bother calling her or writing to her.  Instead, they falsely reported back to Experian that they had "verified" the alleged loan.  Defendants' adverse entry is scheduled to continue on Ms. Ritchie's consumer credit report for at least seven years.

22. Defendants did not have any authority to access or make any entry in Ms. Ritchie's credit report.  They never notified Ms. Ritchie before accessing her credit report.

23. Defendants knew or ought to have known that Ms. Ritchie had no account with them, and did not owe Defendants anything.

24. Defendant Taylor signed and verified the complaint in the New York City Civil Court false asserting that Ms. Ritchie had duly executed that lease.  Defendant Taylor, as Defendants' Legal Collections Manager, has persisted in that lawsuit, despite the fact that the lease is forged.  Further, Defendant Taylor was actually or constructively responsible for the impermissible access as well as wrongful refusal to remove the adverse credit entry from Ms. Ritchie's credit report.

25. Defendant Brown, as Defendants' Legal Recovery Manager, was responsible for Defendants' impermissible access as well as wilful failure to investigate Ms. Ritchie's dispute raised with Experian.

Defendants' Wilfulness, Ms. Ritchie' Injuries

26. Defendants' accessing of Ms. Ritchie' credit records, and making a wrongful adverse report to credit reporting agencies, was wilful and malicious.

27. Ms. Ritchie suffered, and continues to suffer, actual and real monetary injury in fact as a direct result of Defendants' aforesaid misconduct. Ms. Ritchie is entitled to compensatory and punitive damages therefor, together with attorneys' fees and expenses.

## Count I

(Fair Credit Reporting Act, Section 1681b(f):

Willfully Obtaining Consumer Reports Without A Permissible Purpose)

28. Ms. Ritchie realleges and incorporates the preceding paragraphs.

29. Defendants willfully violated the FCRA by obtaining Ms. Ritchie's consumer credit report without her permission and without having a permissible purpose therefor.

30. Defendants Brown and Taylor conducted the business activities (for which the corporate Defendants gave them responsibility) through repeated illegal accesses of consumer reports and the information contained therein, as described above.

31. These illegal acts affected Ms. Ritchie and a large number of unwitting consumers and persisted over at least a five year period, evidencing a pattern of Defendants' willfully violating the provisions of the FCRA.

32. Defendants' acts in obtaining this information in willful violation of the FCRA without a permissible purpose violate 15 U.S.C. §1681b(f).

33. As a result of Defendants' aforesaid misconduct, Ms. Ritchie has sustained damages for which Defendants are liable, in addition to attorneys' fees and expenses.

## Count II

((Fair Credit Reporting Act, Section 1681o:

Negligently Obtaining Consumer Reports Without A Permissible Purpose)

34. This count is asserted in the alternative to Count I above.

35. Ms. Ritchie realleges and incorporates the preceding paragraphs.

36. Defendants violated the FCRA by negligently obtaining Ms. Ritchie's consumer credit report without her permission and without having a permissible purpose therefor.

37. Defendants Brown and Taylor conducted the business activities (for which the corporate Defendants gave them responsibility) through repeated illegal accesses of consumer reports and the information contained therein, as described above.

38. These illegal acts affected a large number of unwitting consumers and persisted over at least a five year period, evidencing a pattern of Defendants' negligently violating the provisions of the FCRA.

39. Defendants' actions were in violation of the FCRA, 15 U.S.C. §1681o.

40. As a result of Defendants' aforesaid misconduct, Ms. Ritchie has sustained damages for which Defendants are liable, in addition to attorneys' fees and expenses.

## Count III

(Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(A) -

Wilful Refusal/Failure to Investigate and/or Rectify Error In Reporting)

41. Ms. Ritchie realleges and incorporates the preceding paragraphs.

42. After being informed by the credit reporting agencies that Ms. Ritchie disputed the accuracy of the information provided to credit reporting agencies, Defendants willfully failed to conduct a proper investigation of Ms. Ritchie's dispute that Ms. Ritchie was not liable for the account appearing on her credit report, as required by 15 U.S.C. §1681s-2(b)(A).

43. Defendants willfully failed, neglected and/or refused to review all relevant information purportedly provided by such credit reporting agencies to Lease Finance Group in conducting their investigation, as required by 15 U.S.C. §1681s-2(b)(B).

44. Defendants' failure/refusal to direct such consumer reporting agencies to delete inaccurate information about Ms. Ritchie pertaining to their respective accounts as required by 15 U.S.C. §1681s-2(b)(C) was wilful.

45. Ms. Ritchie has a private right of action to assert claims against Defendants arising under 15 U.S.C. § 1681s-2(b).

46. Defendants are liable to Ms. Ritchie for the actual damages sustained by reason of their violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as reasonable attorney's fees and expenses pursuant to 15 U.S.C. § 1681n.

## Count IV

(Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(A):

Negligent Refusal/Failure to Investigate and/or Rectify Error In Reporting)

47. This count is asserted in the alternative to Count III above.

48. Ms. Ritchie realleges and incorporates the preceding paragraphs.

49. After being informed by the credit reporting agencies that Ms. Ritchie disputed the accuracy of the information that Defendants had provided to a credit reporting agency, Defendants negligently failed to conduct a proper investigation of their dispute, as required by 15 U.S.C. §1681s-2(b)(A).

50. Defendants negligently failed to review all relevant information adequately in conducting their investigation, as required by 15 U.S.C. §1681s-2(b)(B).

51. Defendants negligently failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Ritchie, as required by 15 U.S.C. § 1681s-2(b)(C).

52. Ms. Ritchie has a private right of action to assert claims against Defendants arising under 15 U.S.C. §1681s-2(b).

53. Defendants are liable to Ms. Ritchie for the actual damages sustained by reason of the aforesaid misconduct, together with reasonable attorney's fees and expenses, 15 U.S.C. §1681o.

## Count V

(New York Fair Credit Reporting Act, GBL, Section 380-b -

Willfully Obtaining Consumer Reports Without A Permissible Purpose)

54. Ms. Ritchie realleges and incorporates the preceding paragraphs.

55. Defendants willfully violated the NYFCRA by obtaining Ms. Ritchie's consumer credit reports without her permission and without having a permissible purpose therefor.

56. Defendants Brown and Taylor conducted the business activities (for which the corporate Defendants gave them responsibility) through repeated illegal accesses of consumer reports and the information contained therein, as described above.

57. These illegal acts affected Ms. Ritchie and a large number of unwitting consumers and persisted over at least a five year period, evidencing a pattern of Defendants willfully violating the provisions of the NYFCRA.

58. Defendants' acts in obtaining this information in willful violation of the NYFCRA without a permissible purpose violate N.Y. Gen. Bus. L., §380-b.

59. As a result of Defendants' aforesaid misconduct, Ms. Ritchie has sustained damages for which Defendants are liable.

## Count VI

(New York Fair Credit Reporting Act, Section 380-b -

Negligently Obtaining Consumer Reports Without A Permissible Purpose)

60. This count is asserted in the alternative to Count V above.

61. Ms. Ritchie realleges and incorporates the preceding paragraphs.

62. Defendants violated the NYFCRA by negligently obtaining Ms. Ritchie's consumer credit reports without her permission and without having a permissible purpose therefor.

63. Defendants Brown and Taylor conducted the business activities (for which the corporate Defendants gave them responsibility) through repeated illegal accesses of consumer reports and the information contained therein, as described above.

64. These illegal acts affected Ms. Ritchie and a large number of unwitting consumers and persisted over at least a five year period, evidencing a pattern of Defendants' negligently violating the provisions of the NYFCRA.

65. Defendants' actions were in violation of the NYFCRA, Gen. Bus. L., §380-b.

66. As a result of Defendants' aforesaid misconduct, Ms. Ritchie has sustained damages for which Defendants are liable.

## Count VII

(New York Fair Credit Reporting Act, Gen. Bus. L., §380-l -

Wilful Refusal/Failure to Investigate and/or Rectify Error In Reporting)

67. Ms. Ritchie realleges and incorporates the preceding paragraphs.

68. After being informed by the credit reporting agencies that Ms. Ritchie disputed the accuracy of the information provided to credit reporting agencies, Defendants willfully failed to conduct a proper investigation of Ms. Ritchie's dispute that she was not liable for the account appearing on her credit report.

69. Defendants willfully failed, neglected and/or refused to review all relevant information purportedly provided by such credit reporting agencies to Lease Finance Group in conducting its investigation.

70. Defendants willfully failed, neglected and/or refused to direct such consumer reporting agencies to delete inaccurate information about Ms. Ritchie pertaining to her account.

71. Ms. Ritchie has a private right of action to assert claims against Defendants.

72. Defendants are liable to Ms. Ritchie for the actual damages sustained by reason of their violation of the FCRA, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees and expenses, pursuant to New York Fair Credit Reporting Act, Gen. Bus. L., §380-l.

### Count VIII

(New York Fair Credit Reporting Act, Gen. Bus. L., §380-l -

Negligent Refusal/Failure to Investigate and/or Rectify Error In Reporting)

73. This count is asserted in the alternative to Count VII above.

74. Ms. Ritchie realleges and incorporates the preceding paragraphs.

75. After being informed by the credit reporting agencies that Ms. Ritchie disputed the accuracy of the information Defendants had provided to the credit reporting agency, Defendants negligently failed to conduct a proper investigation of their dispute.

76. Defendants negligently failed to review all relevant information in conducting their investigation.

77. Defendants negligently failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Ritchie.

78. Ms. Ritchie has a private right of action to assert claims against Defendants.

79. Defendants are liable to Ms. Ritchie for the actual damages sustained by reason of the aforesaid misconduct, together with her reasonable attorney's fees, N.Y. Gen. Bus. L., §380-l.

## Jury Trial Demanded

80. Ms. Ritchie demands a jury trial on all issues so triable.

WHEREFORE, Ms. Ritchie demands judgment against Defendants, jointly and severally, on each Count aforesaid:

    a. Awarding compensatory, punitive, statutory and/or treble damages to Ms. Ritchie in such amount as may be determined after discovery and trial;

    b. Awarding Ms. Ritchie the costs of this action, including reasonable attorneys' fees and expenses, experts' fees and other disbursements;

    c. Granting such further and other reliefs as may be just and proper.

Dated: New York, New York
June 25, 2012

**Chittur & Associates, P.C.**

By: Krishnan Chittur, Esq. (KC9258)
286 Madison Avenue Suite 1100
New York, NY 10017
Tel: (212) 370-0447

Attorneys for Ms. Ritchie