*No Parties Added*
*No Summons Issued*

**United States District Court**
**Southern District Of New York**

| | |
|---|---|
| Patricia J. Ritchie, | No. 12 CV 4992 (KMK) |
| Plaintiff | |
| v. | **FIRST AMENDED COMPLAINT** |
| Northern Leasing Systems, Inc., Lease Finance Group, LLC, Ricardo Brown, Robert Taylor, and John Does 1-50 | **JURY TRIAL DEMANDED** |
| Defendants | |

### Nature of the Action

1.  This action arises out of Defendants' wilful violations of the credit reporting
    statutes in order to coerce individuals from far off places to pay unwarranted
    sums to Defendants.  Plaintiff Ms. Ritchie never had any dealings with
    Defendants.  Nevertheless, Defendants impermissibly accessed her credit report
    without even giving her the advance notice required under the statute.
    Thereafter, Defendants made an adverse entry on her credit report, and wilfully
    refused to delete that entry even after being alerted to the falsity of their entry.
    Ms. Ritchie asserts claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681
    *et seq*, ("FCRA"), under New York's Fair Credit Reporting Act, N.Y. Gen. Bus. L.,
    §380 *et seq* ("NYFCRA"), and seeks compensatory, statutory, punitive and/or
    exemplary damages together with equitable and injunctive relief as well as
    attorneys' fees and expenses.

## Jurisdiction

2.  Jurisdiction is proper under the Fair Credit Reporting Act, 15 U.S.C. §§1681(p), and the principles of supplementary jurisdiction, 28 U.S.C. §1367.

## Parties

3.  Ms. Patricia J. Ritchie is a resident of Suisun City, California.  Ms. Ritchie is a "consumer" within the meaning of the FCRA, 15 U.S.C. §1681a(c), and NYFCRA, Gen. Bus. L., §380a- (b).

4.  Defendant Northern Leasing Systems, Inc., is a New York corporation with its principal place of business at 132 West 31st Street, New York, New York.  It is ostensibly in the business of originating and servicing micro-ticket leases through itself and through over 100 shell entities.  At all relevant times, it has managed and operated, and continues to manage and operate, itself and all these entities from the same offices in the same business using the same personnel with the same forms working with the same systems and employing the same *modus operandi*.  It exercised complete domination of Defendant Lease Finance Group, LLC, and used such domination to commit the fraud and/or wrongs against Ms. Ritchie which resulted in Ms. Ritchie's injuries at issue.

5.  Defendant Lease Finance Group, LLC, is a Delaware limited liability company authorized to do business in New York.  It is one of the shell entities managed and operated by Defendant Northern Leasing and/or Northern Leasing's principals referred to above.  It is a "pass through" entity with no assets or employees of its own, and is managed, operated, serviced, controlled and dominated by Defendant Northern Leasing.

6.    Upon information and belief, Defendant Ricardo Brown is Defendants' Legal Recovery Director and one of the principals of the scheme perpetrated by Defendants and their cohorts.

7.    Upon information and belief, Defendant Robert Taylor is Defendants' Legal Collections Manager and one of the principals of the scheme perpetrated by Defendants and their cohorts.

8.    Each of Individual Defendants (Brown and Taylor) has been employed by Defendant Northern Leasing and/or its principals and affiliates for long periods of time at high levels in senior positions; as such, each is well aware of the fraudulent scheme that is the core of Defendants' ostensible "business." Each is a wilful and active participant in the fraudulent scheme at issue. Each was responsible at all relevant times for making the false entries in consumers' credit reports, for investigating disputes raised by consumers with respect to Defendants' adverse entries, and for Defendants' consistent refusal to retract these false statements despite conclusive evidence to the contrary. The actions of each were beyond the scope of their employment. Further, each committed these illegal acts, and participated in the fraudulent scheme, for his own personal purposes, motivated and incentivized by enhanced bonuses, profits, perks, and other economic benefits and unmindful of the damage inflicted upon Ms. Ritchie and other innocent victims across the country.

9.    Defendants John Does Nos. 1-50 are either individuals or corporate entities affiliated with the other Defendants, which individuals/entities are joint tortfeasors, conspirators, general or specific agents and/or "alter egos" of

Defendants. Such individuals/entities have wilfully or negligently engaged in the same wrongful conduct as alleged against Defendants, and were familiar with and authorized the unlawful policies and practices complained of herein.

10. Defendants are "furnishers of information" within the meaning of the FCRA, 15 U.S.C. §1681s-2, and "users" of consumer credit reports within the meaning of NYFCRA, Gen. Bus. L., §380a-(i).

### Factual Background

11. This case involves Defendants' wilful attempts to intimidate Ms. Ritchie in essentially a "shakedown" effort, in common parlance, to bully her into paying Defendants monies to which Defendants never were entitled. Defendants' scheme, which are at issue in several other lawsuits,[1] includes threatening to trash, and wilfully trashing, their victims' personal consumer credit reports.

12. Between 2007 and 2009, Ms. Ritchie operated a legal document preparation service under California law.

13. Sometime in October of 2008, Ms. Ritchie's business leased a point-of-sale machine from a company called "Merchant Made Easy." For this purpose, she submitted a voided check, and a signed Merchant Processing Application to

---

[1]Defendants' fraudulent scheme and deceptive practices are the subject of many proceedings, including class actions currently pending in several courts. *See, e.g.*, Teague v. Lease Finance Group, 1:11-cv-08125-KBF (S.D.N.Y.) (Class action); Angermeir v. Cohen, 7:12-cv-00055-KMK (S.D.N.Y.); Pludeman et al. v. Northern Leasing, Inc., et al. Index No. 04/101059 (N.Y. Sup. N.Y. Co.) (Class action); Just Film, Inc., v. Merchant Services, Inc., No. C 10-1993 CW (N.D. Cal.) (Class action); and Aldrich v. Northern Leasing Systems, Inc., I. No. 602803/2007 (N.Y. Sup. N.Y. Co) (Class action).

4

Merchants Made Easy. Ms. Ritchie did not sign any other agreements, contracts, guarantees or other commitments in connection with that transaction.

14. Subsequently, Ms. Ritchie was diagnosed with breast cancer, and had to undergo treatment therefor, including several surgeries. She closed the business and returned the machine to Merchant Made Easy.

15. In April of 2010, Defendants commenced harassing Ms. Ritchie. They called her repeatedly, rudely demanding payments under an alleged lease. Ms. Ritchie categorically informed Defendants that she had never signed any lease with them, and demanded that they stop the harassment. Nevertheless, Defendants' abusive calls continued mercilessly.

16. On or about August 31, 2010, Defendants, under the name of Defendant Lease Finance Group, LLC, made an adverse entry on Ms. Ritchie's consumer credit report with the credit reporting agency Experian. Defendants reported that they had "charged off" $1,836, which Ms. Ritchie allegedly owed."

17. Further, Defendants, under the name of Defendant Lease Finance Group, LLC, accessed Ms. Ritchie's credit report on or about August 20, 2010 and December 8, 2010. Defendants never provide any advance or written notice to Ms. Ritchie that they intended to pull her consumer credit report, or that such pulling was even a possibility.

18. On or about February 16, 2011, Defendants, under the name of Defendant Lease Finance Group, LLC, commenced a lawsuit against Ms. Ritchie in the New York City Civil Court.

19.    Ms. Ritchie filed a *pro se* answer and stated, under penalties of perjury, that she never had any business or any dealings with Lease Finance Group, LLC, and that her signature had been forged in the alleged lease.  She subsequently had to retain attorneys in New York to defend herself against these bogus claims.[2]

20.    On or about April 3, 2012, Ms. Ritchie disputed this adverse entry with the credit reporting agency Experian, and demanded that Defendants investigate and rectify the inaccurate entry.  Upon information and belief, Experian duly notified Defendants of Ms. Ritchie's request.

21.    Defendants wilfully failed and refused to conduct any investigation.  Although Ms. Ritchie had categorically asserted, under penalties of perjury, that her signatures had been forged in the alleged lease underlying Defendants' claim, Defendants did not even bother calling her by phone, or writing to her, or communicating with her in any manner in this connection.  Instead, they summarily - and falsely - reported back to Experian that they had "verified" the alleged loan to Ms. Ritchie.  Defendants' adverse entry is scheduled to continue on Ms. Ritchie's consumer credit report for at least seven years.

22.    Defendants did not have any authority to access or make any entry in Ms. Ritchie's credit report.

23.    Defendants knew or ought to have known that Ms. Ritchie had no account with them, and did not owe Defendants anything.

---

[2]That action is pending.

24.    Defendant Taylor signed and verified the complaint in the New York City Civil

Court false asserting that Ms. Ritchie had duly executed that lease.  Defendant

Taylor, as Defendants' Legal Collections Manager, has persisted in that lawsuit,

despite Ms. Ritchie's categorical assertions, under penalties of perjury, that the

lease was forged, and despite Defendants' lack of any evidence to contravene the

said assertions.  Further, Defendant Taylor was actually or constructively

responsible for the impermissible access as well as wrongful refusal to remove the

adverse credit entry from Ms. Ritchie's credit report.  These actions were beyond

the scope of his employment.  Commission of fraud and wilfully violating the law

as detailed in this First Amended Complaint was beyond the scope of Defendant

Taylor's legitimate employment responsibilities.

25.    Defendant Brown, as Defendants' Legal Recovery Manager, was responsible for

Defendants' impermissible access as well as wilful failure/refusal to investigate

Ms. Ritchie's dispute raised with Experian.  Despite Ms. Ritchie's categorical

assertions, under penalties of perjury, that the lease was forged, Defendant

Brown confirmed the false information that Defendants had provided to the

credit reporting agency about Ms. Ritchie.  These actions were beyond the scope

of his employment.  Commission of fraud and wilfully violating the law as

detailed in this First Amended Complaint was beyond the scope of Defendant

Taylor's legitimate employment responsibilities.

<u>Defendants' Wilfulness, Ms. Ritchie' Injuries</u>

26.    Defendants' accessing of Ms. Ritchie' credit records, and making a  wrongful

adverse report to credit reporting agencies, was wilful and malicious.

7

27.    Ms. Ritchie suffered, and continues to suffer, actual and real monetary injury as a direct result of Defendants' aforesaid misconduct.  These injuries were attributable to each of the Defendants, and to Defendant Northern Leasing's complete domination of Lease Finance Group, LLC.  Ms. Ritchie is entitled to compensatory and punitive damages therefor, together with attorneys' fees and expenses.

### Count I

(Fair Credit Reporting Act, Section 1681b(f):

Willfully Obtaining Consumer  Reports Without A Permissible Purpose)

28.    Ms. Ritchie realleges and incorporates the preceding paragraphs.

29.    Defendants willfully violated the FCRA by obtaining Ms. Ritchie's consumer credit report without her permission and without having a  permissible purpose therefor.

30.    Defendants Brown and Taylor conducted the business activities (on behalf of all Defendants) through repeated illegal accesses of Ms. Ritchie's consumer reports and the information contained therein, as described above.

31.    These illegal acts affected Ms. Ritchie and a large number of unwitting consumers and persisted over at least a five year period, evidencing a pattern of Defendants' willfully violating the provisions of the FCRA.

32.    Defendants' acts in obtaining this information in willful  violation of the FCRA without a permissible purpose violate 15 U.S.C. §1681b(f).

33. As a result of Defendants' aforesaid misconduct, Ms. Ritchie has sustained damages for which Defendants are liable, in addition to attorneys' fees and expenses, 15 U.S.C. §1681n(a).

### Count II

((Fair Credit Reporting Act, Section 1681b(f):

Negligently Obtaining Consumer Reports Without A Permissible Purpose)

34. This count is asserted in the alternative to Count I above.

35. Ms. Ritchie realleges and incorporates the preceding paragraphs.

36. Defendants violated the FCRA by negligently obtaining Ms. Ritchie's consumer credit report without her permission and without having a permissible purpose therefor.

37. Defendants Brown and Taylor conducted the business activities (on behalf of all Defendants) through repeated illegal accesses of Ms. Ritchie's consumer reports and the information contained therein, as described above.

38. These illegal acts affected a large number of unwitting consumers and persisted over at least a five year period, evidencing a pattern of Defendants' negligently violating the provisions of the FCRA.

39. As a result of Defendants' aforesaid misconduct, Ms. Ritchie has sustained damages for which Defendants are liable, in addition to attorneys' fees and expenses under 15 U.S.C. §1681o.

**Count III**

(Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(A) -

Wilful Refusal/Failure to Investigate and/or Rectify Error In Reporting)

40.   Ms. Ritchie realleges and incorporates the preceding paragraphs.

41.   Defendants were informed by the credit reporting agencies that Ms. Ritchie

disputed the accuracy of the information Defendants had provided to credit

reporting agencies.  Defendants willfully failed  to conduct a proper investigation

of Ms. Ritchie's dispute that Ms. Ritchie was not liable for the account appearing

on her credit report, as required by 15 U.S.C. §1681s-2(b)(A).

42.   Defendants willfully failed, neglected and/or refused to review all relevant

information purportedly provided by such credit reporting agencies to

Defendants in conducting their investigation, as required by 15 U.S.C.

§1681s-2(b)(B).

43.   Defendants' failure/refusal to direct such consumer reporting agencies to delete

inaccurate information about Ms. Ritchie pertaining to their respective accounts

as required by 15 U.S.C. §1681s-2(b)(C) was wilful.

44.   Defendants Brown and Taylor conducted the business activities (on behalf of all

Defendants), as described above.

45.   Defendants are liable to Ms. Ritchie for the actual damages sustained by reason of

their violation of the FCRA, in an amount to be determined  by the trier of fact,

together with an award of punitive damages in an amount to  be determined by

the trier of fact, as well as reasonable attorney's fees and expenses pursuant to 15

U.S.C. § 1681n.

## Count IV

(Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(A):

Negligent Refusal/Failure to Investigate and/or Rectify Error In Reporting)

46.   This count is asserted in the alternative to Count III above.

47.   Ms. Ritchie realleges and incorporates the preceding paragraphs.

48.   After being informed by the credit reporting agencies that Ms. Ritchie disputed the accuracy of the information that Defendants had provided to a credit reporting agency, Defendants negligently failed to conduct a proper investigation of their dispute, as required by 15 U.S.C. §1681s-2(b)(A).

49.   Defendants negligently failed to review all relevant information adequately in conducting their investigation, as required by 15 U.S.C. §1681s-2(b)(B).

50.   Defendants negligently failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Ritchie, as  required by 15 U.S.C. § 1681s-2(b)(C).

51.   Defendants Brown and Taylor conducted the business activities (on behalf of all Defendants), as described above.

52.   Defendants are liable to Ms. Ritchie for the actual damages sustained by reason of the aforesaid misconduct, together with reasonable attorney's fees and expenses, 15 U.S.C. §1681o.

## Count V

(New York Fair Credit Reporting Act, GBL, Section 380-b:

Willfully Obtaining Consumer Reports Without A Permissible Purpose

And/or Under False Pretenses)

53.  Ms. Ritchie realleges and incorporates the preceding paragraphs.

54.  Defendants willfully violated the NYFCRA by obtaining Ms. Ritchie's consumer credit reports without her permission and without having a permissible purpose therefor, and/or under false pretenses.

55.  Further, Defendants wilfully failed and neglected to inform Ms. Ritchie in writing, before accessing her consumer report, that Defendants would request a consumer report and/or that they would inform her of the name and address of the consumer reporting agency that furnished the report.

56.  Defendants Brown and Taylor conducted the business activities (on behalf of all Defendants), through repeated illegal accesses of consumer reports and the information contained therein, as described above.

57.  These illegal acts affected Ms. Ritchie and a large number of unwitting consumers and persisted over at least a five year period, evidencing a pattern of Defendants willfully violating the provisions of the NYFCRA.

58.  Defendants' acts in obtaining this information in willful violation of the NYFCRA without a permissible purpose violate N.Y. Gen. Bus. L., §380-b, which is actionable under Section 380-l thereof.

59.  As a result of Defendants' aforesaid misconduct, Ms. Ritchie has sustained damages for which Defendants are liable.

## Count VI

### (New York Fair Credit Reporting Act, Section 380-b -

### Negligently Obtaining Consumer Reports Without A Permissible Purpose)

60. This count is asserted in the alternative to Count V above.

61. Ms. Ritchie realleges and incorporates the preceding paragraphs.

62. Defendants violated the NYFCRA by negligently obtaining Ms. Ritchie's consumer credit reports without her permission and without having a permissible purpose therefor.

63. Further, Defendants failed and neglected to inform Ms. Ritchie in writing, before accessing her consumer report, that Defendants would request a consumer report and/or that they would inform her of the name and address of the consumer reporting agency that furnished the report.

64. Defendants Brown and Taylor conducted the business activities (on behalf of all Defendants), through repeated illegal accesses of consumer reports and the information contained therein, as described above.

65. These illegal acts affected Ms. Ritchie and a large number of unwitting consumers and persisted over at least a five year period, evidencing a pattern of Defendants' negligently violating the provisions of the NYFCRA.

66. Defendants' actions were in violation of the NYFCRA, Gen. Bus. L., §380-b, which is actionable under Section 380-m.

67. As a result of Defendants' aforesaid misconduct, Ms. Ritchie has sustained damages for which Defendants are liable.

## Count VII

(New York Fair Credit Reporting Act, Gen. Bus. L., §380-l -

Wilful Reporting of False Information and/or Refusal/Failure to

Investigate and/or Rectify Error In Reporting)

68.    Ms. Ritchie realleges and incorporates the preceding paragraphs.

69.    Defendants knowingly and wilfully introduced or caused to be introduced false
       information concerning Ms. Ritchie into the files of consumer reporting agency or
       agencies in violation of Section 380-o, G.B.L.  Even after being informed by the
       credit reporting agencies that Ms. Ritchie disputed the accuracy of the
       information provided to credit reporting agencies, Defendants willfully refused to
       retract such false information, or even investigate Ms. Ritchie's assertions that
       the information Defendants had provided to the credit reporting agency was false.

70.    Defendants are liable to Ms. Ritchie for the actual damages sustained by
       reason of their violation of the FCRA, together with an award of punitive
       damages in an amount to  be determined by the jury, as well as her
       reasonable attorney's fees and expenses, pursuant to New York Fair Credit
       Reporting Act, Gen. Bus. L., §380-l.

## Count VIII

(New York Fair Credit Reporting Act, Gen. Bus. L., §380-m -

Negligent Refusal/Failure to Investigate and/or Rectify Error In Reporting)

71.    This count is asserted in the alternative to Count VII above.

72.    Ms. Ritchie realleges and incorporates the preceding paragraphs.

**14**

73.    Defendants introduced or caused to be introduced false information concerning Ms. Ritchie into the files of consumer reporting agency or agencies in violation of Section 380-o, G.B.L.  Even after being informed by the credit reporting agencies that Ms. Ritchie disputed the accuracy of the information provided to credit reporting agencies, Defendants failed and neglected to retract such false information, or even investigate Ms. Ritchie's assertions that the information Defendants had provided to the credit reporting agency was false.

74.    Defendants are liable to Ms. Ritchie for the actual damages sustained by reason of the aforesaid misconduct, together with her reasonable attorney's fees, N.Y. Gen. Bus. L., §380-m.

## Jury Trial Demanded

75. Ms. Ritchie demands a jury trial on all issues so triable.

WHEREFORE, Ms. Ritchie demands judgment against Defendants, jointly and severally, on each Count aforesaid:

a. Awarding compensatory, punitive, statutory and/or treble damages to Ms. Ritchie in such amount as may be determined after discovery and trial;

b. Awarding Ms. Ritchie the costs of this action, including reasonable attorneys' fees and expenses, experts' fees and other disbursements;

c. Granting such further and other reliefs as may be just and proper.

Dated:   New York, New York       **Chittur & Associates, P.C.**
         November 7, 2012

By: Andrey Strutinskiy, Esq. (AS2289)
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447

Attorneys for Ms. Ritchie

16