Robert D. Lillienstein, Esq. (rlillienstein@mosessinger.com)
Jordan Greenberger, Esq. (jgreenberger@mosessinger.com)
MOSES & SINGER LLP
*Attorneys for Defendants*
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 554-7800 (telephone)
(212) 554-7700 (facsimile)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA J. RITCHIE,<br><br>         Plaintiff,<br><br> – against –<br><br>NORTHERN LEASING SYSTEMS, INC., LEASE FINANCE GROUP, LLC, RICARDO BROWN, ROBERT TAYLOR AND JOHN DOES 1-50,<br><br>         Defendants. | 12 Civ. 4992 (KMK)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT & <u>COUNTERCLAIM</u>** |

   WHEREAS, by its Opinion and Order dated March 31, 2014, the Court dismissed Plaintiff's claims alleging negligent violations of the Fair Credit Reporting Act ("FCRA"), and all claims against the John Doe defendants, defendants Northern Leasing Systems, Inc. ("NLS"), Lease Finance Group, LLC ("LFG"), Ricardo Brown ("Brown"), and Robert Taylor ("Taylor") (collectively, "Defendants"), by their attorneys Moses & Singer LLP,

   (a)  Answer the First Amended Complaint, filed November 9, 2012 [Doc. 8] (the "Amended Complaint"); and,

   (b)  Pursuant to Fed. R. Civ. P. 13, LFG counterclaims against plaintiff Patricia J. Ritchie ("Plaintiff" or "Ritchie"), as follows:

   1.  Defendants deny the allegations of paragraph 1 of the Amended Complaint and respectfully refer all questions of law to the Court.

2. The allegations contained in paragraph 2 of the Amended Complaint consist entirely of legal argument and conclusions, to which no responsive pleading is required, and to the extent a responsive pleading is required, Defendants deny those allegations.

3. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 3 of the Amended Complaint, and, for this reason, deny those allegations; and, the allegations contained in the second sentence of paragraph 3 of the Amended Complaint consist entirely of legal argument and conclusions, to which no responsive pleading is required, and to the extent a responsive pleading is required, Defendants deny those allegations.

4. Defendants deny the allegations of paragraph 4 of the Amended Complaint, except admit that NLS is a New York business corporation with its principal executive office at 132 West 31st Street, 14th Floor, New York, New York 10001 and that it is in the business, *inter alia*, of originating and servicing micro-ticket leases.

5. Defendants deny the allegations of paragraph 5 of the Amended Complaint, except admit that LFG is a Delaware limited liability company authorized to do business in New York.

6. Defendants deny the allegations of paragraph 6 of the Amended Complaint except admit that Brown is employed by NLS as Legal Recovery Director.

7. Defendants deny the allegations of paragraph 7 of the Amended Complaint.

8. Defendants deny the allegations of paragraph 8 of the Amended Complaint.

9. The allegations contained paragraph 9 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court, and therefore no responsive pleading is required by Defendants, and to the extent a responsive pleading is required, Defendants deny

those allegations (either outright or for lack knowledge and information sufficient to form a belief as to the truth).

10. Defendants deny the allegations of paragraph 10 of the Amended Complaint.

11. Defendants deny the allegations of paragraph 11 of the Amended Complaint.

12. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Amended Complaint, and, for this reason, deny those allegations.

13. Defendants deny the allegations of paragraph 13 of the Amended Complaint.

14. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Amended Complaint, and, for this reason, deny those allegations.

15. Defendants deny the allegations of paragraph 15 of the Amended Complaint.

16. Defendants deny the allegations of paragraph 16 of the Amended Complaint, except admit that a charge off entry was placed on Ritchie's credit report due to her failure to make the payments that she agreed to make.

17. Defendants deny the allegations of paragraph 17 of the Amended Complaint, except admit that Ritchie's credit report was accessed on August 20, 2010 and December 8, 2010.

18. Defendants deny the allegations of paragraph 18 of the Amended Complaint, except admit that on February 16, 2011, LFG commenced an action against Ritchie in the Civil Court of the City of New York, County of New York, Index. No. 006956/2011 (the "Civil Court Action").

19. Defendants admit that Ritchie served an answer in the Civil Court Action dated May 12, 2011, and retained attorneys in the Civil Court Action, and otherwise deny the allegations of paragraph 19 of the Amended Complaint, except Defendants respectfully refer the Court to the pleadings in the Civil Court Action.

20. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Amended Complaint, and, for this reason, deny those allegations.

21. Defendants deny the allegations of paragraph 21 of the Amended Complaint and respectfully refer all questions of law to the Court.

22. Defendants deny the allegations of paragraph 22 of the Amended Complaint and respectfully refer all questions of law to the Court.

23. Defendants deny the allegations of paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations of paragraph 24 of the Amended Complaint, except admit that Taylor verified the complaint in the Civil Court Action and otherwise Defendants respectfully refer the Court to the pleadings in the Civil Court Action.

25. Defendants deny the allegations of paragraph 25 of the Amended Complaint, and otherwise respectfully refer the Court to the pleadings in the Civil Court Action and respectfully refer all questions of law to the Court.

26. Defendants deny the allegations of paragraph 26 of the Amended Complaint and respectfully refer all questions of law to the Court.

27. Defendants deny the allegations of paragraph 27 of the Amended Complaint and respectfully refer all questions of law to the Court.

28. In response to paragraph 28 of the Amended Complaint, Defendants re-allege their responses to the allegations incorporated by reference.

29. Defendants deny the allegations of paragraph 29 of the Amended Complaint and respectfully refer all questions of law to the Court.

30. Defendants deny the allegations of paragraph 30 of the Amended Complaint and respectfully refer all questions of law to the Court.

31. Defendants deny the allegations of paragraph 31 of the Amended Complaint and respectfully refer all questions of law to the Court.

32. Defendants deny the allegations of paragraph 32 of the Amended Complaint and respectfully refer all questions of law to the Court.

33. Defendants deny the allegations of paragraph 33 of the Amended Complaint and respectfully refer all questions of law to the Court.

34. The allegations contained paragraph 34 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court, and therefore no responsive pleading is required by Defendants, and to the extent a responsive pleading is required, Defendants deny those allegations (either outright or for lack knowledge and information sufficient to form a belief as to the truth).

35. The allegations contained paragraph 35 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court, and therefore no responsive pleading is required by Defendants, and to the extent a responsive pleading is required, Defendants deny those allegations (either outright or for lack knowledge and information sufficient to form a belief as to the truth).

36. The allegations contained paragraph 36 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court, and therefore no responsive pleading is required by Defendants, and to the extent a responsive pleading is required, Defendants deny those allegations (either outright or for lack knowledge and information sufficient to form a belief as to the truth).

37. The allegations contained paragraph 37 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court, and therefore no responsive pleading is required by Defendants, and to the extent a responsive pleading is required, Defendants deny those allegations (either outright or for lack knowledge and information sufficient to form a belief as to the truth).

38. The allegations contained paragraph 38 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court, and therefore no responsive pleading is required by Defendants, and to the extent a responsive pleading is required, Defendants deny those allegations (either outright or for lack knowledge and information sufficient to form a belief as to the truth).

39. The allegations contained paragraph 39 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court, and therefore no responsive pleading is required by Defendants, and to the extent a responsive pleading is required, Defendants deny those allegations (either outright or for lack knowledge and information sufficient to form a belief as to the truth).

40. In response to paragraph 40 of the Amended Complaint, Defendants re-allege their responses to the allegations incorporated by reference.

41. Defendants deny the allegations of paragraph 41 of the Amended Complaint and respectfully refer all questions of law to the Court.

42. Defendants deny the allegations of paragraph 42 of the Amended Complaint and respectfully refer all questions of law to the Court.

43. Defendants deny the allegations of paragraph 43 of the Amended Complaint and respectfully refer all questions of law to the Court.

44. Defendants deny the allegations of paragraph 44 of the Amended Complaint and respectfully refer all questions of law to the Court.

45. Defendants deny the allegations of paragraph 45 of the Amended Complaint and respectfully refer all questions of law to the Court.

46. The allegations contained paragraph 46 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court, and therefore no responsive pleading is required by Defendants, and to the extent a responsive pleading is required, Defendants deny those allegations (either outright or for lack knowledge and information sufficient to form a belief as to the truth).

47. The allegations contained paragraph 47 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court, and therefore no responsive pleading is required by Defendants, and to the extent a responsive pleading is required, Defendants deny those allegations (either outright or for lack knowledge and information sufficient to form a belief as to the truth).

48. The allegations contained paragraph 48 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court, and therefore no responsive pleading is required by Defendants, and to the extent a responsive pleading is required, Defendants deny

those allegations (either outright or for lack knowledge and information sufficient to form a belief as to the truth).

49. The allegations contained paragraph 49 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court, and therefore no responsive pleading is required by Defendants, and to the extent a responsive pleading is required, Defendants deny those allegations (either outright or for lack knowledge and information sufficient to form a belief as to the truth).

50. The allegations contained paragraph 50 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court, and therefore no responsive pleading is required by Defendants, and to the extent a responsive pleading is required, Defendants deny those allegations (either outright or for lack knowledge and information sufficient to form a belief as to the truth).

51. The allegations contained paragraph 51 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court, and therefore no responsive pleading is required by Defendants, and to the extent a responsive pleading is required, Defendants deny those allegations (either outright or for lack knowledge and information sufficient to form a belief as to the truth).

52. The allegations contained paragraph 52 of the Amended Complaint solely relate to and/or concern claims that were dismissed by the Court, and therefore no responsive pleading is required by Defendants, and to the extent a responsive pleading is required, Defendants deny those allegations (either outright or for lack knowledge and information sufficient to form a belief as to the truth).

53. In response to paragraph 53 of the Amended Complaint, Defendants re-allege their responses to the allegations incorporated by reference.

54. Defendants deny the allegations of paragraph 54 of the Amended Complaint and respectfully refer all questions of law to the Court.

55. Defendants deny the allegations of paragraph 55 of the Amended Complaint and respectfully refer all questions of law to the Court.

56. Defendants deny the allegations of paragraph 56 of the Amended Complaint and respectfully refer all questions of law to the Court.

57. Defendants deny the allegations of paragraph 57 of the Amended Complaint and respectfully refer all questions of law to the Court.

58. Defendants deny the allegations of paragraph 58 of the Amended Complaint and respectfully refer all questions of law to the Court.

59. Defendants deny the allegations of paragraph 59 of the Amended Complaint and respectfully refer all questions of law to the Court.

60. The allegations contained in paragraph 60 of the Amended Complaint consist entirely of legal argument and conclusions, to which no responsive pleading is required, and to the extent a responsive pleading is required, Defendants deny those allegations.

61. In response to paragraph 61 of the Amended Complaint, Defendants re-allege their responses to the allegations incorporated by reference.

62. Defendants deny the allegations of paragraph 62 of the Amended Complaint and respectfully refer all questions of law to the Court.

63. Defendants deny the allegations of paragraph 63 of the Amended Complaint and respectfully refer all questions of law to the Court.

64. Defendants deny the allegations of paragraph 64 of the Amended Complaint and respectfully refer all questions of law to the Court.

65. Defendants deny the allegations of paragraph 65 of the Amended Complaint and respectfully refer all questions of law to the Court.

66. Defendants deny the allegations of paragraph 66 of the Amended Complaint and respectfully refer all questions of law to the Court.

67. Defendants deny the allegations of paragraph 67 of the Amended Complaint and respectfully refer all questions of law to the Court.

68. In response to paragraph 68 of the Amended Complaint, Defendants re-allege their responses to the allegations incorporated by reference.

69. Defendants deny the allegations of paragraph 69 of the Amended Complaint and respectfully refer all questions of law to the Court.

70. Defendants deny the allegations of paragraph 70 of the Amended Complaint and respectfully refer all questions of law to the Court.

71. The allegations contained in paragraph 71 of the Amended Complaint consist entirely of legal argument and conclusions, to which no responsive pleading is required, and to the extent a responsive pleading is required, Defendants deny those allegations.

72. In response to paragraph 72 of the Amended Complaint, Defendants re-allege their responses to the allegations incorporated by reference.

73. Defendants deny the allegations of paragraph 73 of the Amended Complaint and respectfully refer all questions of law to the Court.

74. Defendants deny the allegations of paragraph 74 of the Amended Complaint and respectfully refer all questions of law to the Court.

75. The allegations contained in paragraph 75 of the Amended Complaint consist entirely of legal argument and conclusions, to which no responsive pleading is required, and to the extent a responsive pleading is required, Defendants reserve their right to object to Plaintiff's jury demand.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Amended Complaint fails to state a cause of action against Defendants.

2. Any Defendant that acted with respect to Plaintiff's credit report always had a permissible purpose.

3. Any individual Defendant that acted with respect to Plaintiff's credit report did not do so for personal purposes and did not have an independent interest in Plaintiff's credit report.

4. The reports at issue were obtained in connection with a business transaction, and not in connection with a consumer transaction.

5. Plaintiff has not sustained damages cognizable under the FCRA.

6. Defendants' alleged violation of the FCRA did not cause Plaintiff harm.

### SECOND AFFIRMATIVE DEFENSE

7. The allegations in the Amended Complaint against Defendants do not satisfy the pleading requirements of Fed. R. Civ. P. 8(a).

8. Defendants do not have fair notice of Plaintiff's claim against them.

9. Plaintiff's claims against Defendants are vague and ambiguous.

### THIRD AFFIRMATIVE DEFENSE

10. Plaintiff lacks standing.

11. The Court lacks subject matter jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

16. Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged.

### NINTH AFFIRMATIVE DEFENSE

17. Plaintiff is not entitled to interest or to punitive, extraordinary, speculative or non-foreseeable damages or to counsel fees and costs pursuant to law or contract.

### TENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSES

19. Plaintiff's lease is not forged.

20. Plaintiff's lease is not fraudulent.

### TWELFTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred by the doctrine of res judicata.

22. Plaintiff's claims are barred by the doctrine of improper claim-splitting.

23. Plaintiff's claims are barred by her failure to assert them as defenses or counter-claims to the Civil Court Action.

## COUNTERCLAIM ON BEHALF OF LFG
(Breach Of Guarantee)

1. LFG is engaged in the lease financing business.

2. In the course of its business, LFG supplies financing for the leasing of electronic point-of-sale equipment to merchants selecting such equipment from a third-party equipment vendor or supplier.

3. On or about December 11, 2008, LFG, as lessor, entered into an Equipment Finance Lease agreement with DIVORCE DOCUMENT ASSISTANCE (the "Lessee"), payment on which was personally guaranteed by Ritchie.

4. The lease agreement and guarantee described in the previous paragraph are collectively referred to herein as the "Agreement".

5. The Agreement provides that in the event of a default, LFG may require immediate payment of all amounts then due plus the unpaid balance of the remaining monthly lease payments for the original term of the Agreement.

6. Ritchie unconditionally guaranteed all of the Lessee's obligations to LFG under the Agreement, including the basic monthly lease payment by the Lessee to LFG of $54.00 for a period of 48 months, plus LFG's attorney's fees and legal costs incurred in enforcing the Agreement.

7. The Lessee defaulted by failing to make the required monthly lease payments under the Agreement. The Lessee made its last payment under the Agreement on January 11, 2010 for a total amount paid of $756.00.

8. As a result of the Lessee's failure to make the payment due on February 11, 2010 and each and every monthly lease payment due thereafter, there has been a default under the Agreement.

9. Thus, there is presently due and owing from the Lessee to LFG the remaining unpaid lease balance of $1,836.00 with interest thereon from February 11, 2010, plus LFG's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

10. Therefore, pursuant to Ritchie's personal guaranty, including her unconditional guaranty to pay LFG's attorney's fees and legal costs incurred in enforcing the Agreement, there is presently due and owing from Ritchie to LFG the sum of $1,836.00 with interest thereon from February 11, 2010, plus LFG's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

**WHEREFORE**, Defendants demand judgment dismissing the Amended Complaint with prejudice, a monetary judgment against Ritchie and in favor of LFG in the amount of LFG's counterclaim, and an award of Defendants' costs, disbursements and legal fees, and such other and further relief as the Court deems just.

Dated: New York, New York
May 23, 2014

        MOSES & SINGER LLP
        *Attorneys for Defendants*

        By: __/s/_____
           Robert D. Lillienstein, Esq.
           Jordan Greenberger, Esq.
        The Chrysler Building
        405 Lexington Avenue
        New York, New York 10174
        (212) 554-7800 (telephone)
        (212) 554-7807 (facsimile)