```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
PATRICIA J. RITCHIE,                                              :
                                                                  :
                                    Plaintiff,                    :
                                                                  :         12-cv-4992 (KBF)
                    -v-                                           :
                                                                  :
NORTHERN LEASING SYSTEMS, INC. et al.,                            :         MEMORANDUM
                                                                  :        DECISION & ORDER
                                                                  :
                                    Defendants.                   :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 9, 2016

KATHERINE B. FORREST, District Judge:

Plaintiff brought this action in 2012, alleging that she was dunned and sued by defendants for a debt she did not owe. At the summary judgment stage, this Court determined that plaintiff's claims suffered from a number of defects, chief among them insufficient evidence to proceed to trial, and granted summary judgment to defendants on all counts on March 28, 2016. Before the Court is plaintiff's motion to alter the judgment under Fed. R. Civ. P. 60(b) and defendants' cross motion for costs, expenses, and fees under 28 U.S.C. § 1927. For the reasons stated below, both motions are DENIED.

I.   BACKGROUND

On March 28, 2016, this Court granted summary judgment to defendants on all affirmative claims and to plaintiff on defendants' counterclaim, for which defendants did not oppose summary judgment. (Mar. 28, 2016 Summ. J. Op. (ECF No. 265 ("Summ. J. Op.").) Judgment was entered on March 29, 2016. (ECF No.

266.)  Plaintiff now moves for relief from judgment under Fed. R. Civ. P. 60(b). (ECF Nos. 269, 270.)  Specifically, plaintiff points to a legal proceeding filed by the New York Attorney General's Office (NYAG) and the New York City Civil Court ("NYCCC") Deputy Chief Administrative Judge against Northern Leasing filed on April 11, 2016.  The petition includes allegations of state law claims against Northern Leasing, an action to dissolve the corporation, and an action to vacate default judgments obtained by Northern Leasing.  (ECF No. 271, Ex. 1.)  The lawsuits contain allegations as to Northern Leasing's practices, the number of lawsuits defendants filed in NYCC and other courts, and the number of consumer complaints about defendants to NYAG.  It also contains numerous documentary exhibits and affidavits, including one from Fern Fisher, the NYCCC Deputy Chief Administrative Judge who is co-plaintiff, (ECF No. 271, Ex. 120), and another from Ernest J. Cavallo, a judicial hearing officer at the NYCCC, (ECF No. 271, Ex. 176).

Plaintiff's core contention is that the contents of the NYAG petition constitute newly discovered evidence under Rule 60(b)(2) and raises genuine issues of material fact on at least some of her claims.  Although plaintiff's submission was unfocused at many points, the Court gleans that she is advancing the following arguments:

1) As to the claims of RICO, RICO conspiracy, and common law fraud, this new evidence evinces a) an inference of fraudulent intent and b) a racketeering scheme based on the numerosity of allegedly similar collection suits by Northern Leasing;

2

2) As to the N.Y. Gen. Bus. Law § 349 claim, this new evidence supports the theory that defendants' behavior was "consumer-oriented" under the statute; and

3) As to the credit reporting statute claims, this new evidence suggests an ulterior purpose that was not permissible.

Plaintiffs also claim this Court made various mistakes—including overlooking the significance of defendants' counterclaim against her, the injury she suffered with respect to out of pocket costs in responding the defendants' collections suit, and a case regarding fraudulent evidence—and thus should alter judgment pursuant to Rule 60(b)(1).

Defendants cross-moved for sanctions under 28 U.S.C. § 1927, arguing that plaintiff brought this motion without basis and is frivolously multiplying the proceedings.

II.   LEGAL STANDARD

   A.   Rule 60

Fed. R. Civ. P. 60(b) provides,

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

[. . .]

(6) any other reason that justifies relief.

Because relief under Rule 60(b) is "extraordinary," it is "invoked only upon a showing of exceptional circumstances." Lorusso v. Borer, 260 F. App'x 355, 356-57 (2d Cir. 2008) (internal citations omitted).

    B.    Section 1927 Sanctions

28 U.S.C. § 1927 provides:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Before imposing § 1927 sanctions, the Court must find "conduct constituting or akin to bad faith." In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 115 (2d Cir. 2000) (internal citations omitted). In fact, "an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Id.

III.    DISCUSSION

    A.    Rule 60(b) Claims[1]

The Court notes at the outset that because plaintiff filed a notice of appeal before bringing the Rule 60(b) motion, this Court only has jurisdiction to deny the motion; it does not have jurisdiction to grant the motion. Toliver v. Cty. of

---

[1] Plaintiff has cited Rule 60(b)(6), a provision "invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship." DeWeerth v. Baldinger, 38 F.3d 1266, 1272 (2d Cir. 1994). Plaintiff did not present any analysis pursuant to this rule. Instead, she has styled her claims under other provisions of Rule 60(b). "Controlling cases have held that if the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)." U.S. v. Int'l Bd. of Teamsters, 247 F.3d 370, 391-92 (2d Cir. 2001).

Sullivan, 957 F.2d 47, 49 (2d Cir. 1992).[2]  In reaching its determination, the Court has fully reviewed the briefing on the merits of the motion.

        1.      Rule 60(b)(2) Newly Discovered Evidence

To succeed on a Rule 60(b)(2) claim, the movant carries the burden of proof in demonstrating: "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." U.S. v. Int'l Bd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001) (internal citations omitted).

The Court has serious concerns about whether the NYAG materials amount to "newly discovered evidence" and whether plaintiff was "justifiably ignorant" of any such evidence "despite due diligence." Id.  Plaintiff acknowledges that the fact of the NYAG lawsuit's filing is not newly "discovered" evidence since it occurred after the judgment in this case.  She argues that the affidavits of NYCC employees submitted in connection with the lawsuit averring personal knowledge of events "in existence" before judgment might not qualify as "newly discovered." But see Ryan v. U.S. Lines Co., 303 F.2d 430, 434 (2d Cir. 1962) (holding that doctor's affidavit after judgment describing effect of accident occurring before judgment was not

---

[2] Although "the district court may grant a Rule 60(b) motion after an appeal is taken . . . if the moving party obtains permission from the circuit court," there is no evidence that this occurred here. Toliver, 957 F.2d at 49.

"newly discovered evidence"). In addition, the Court is skeptical as to whether the evidence plaintiff presents meets the diligence requirement of Rule 60(b)—i.e., whether the public court records and court procedures described in the attachments could not have been discovered previously with reasonable diligence.

The Court need not reach those issues, however, because it is absolutely clear that plaintiff's motion meets its demise in other ways.

First, allegations in another lawsuit are not evidence. Despite acknowledging this, plaintiff inexplicably relies at length on allegations in various paragraphs of the NYAG complaint. (See Pl.'s Br., ECF No. 270, at 2, 3-8.) While the Court can take judicial notice that the filing exists, their contents cannot constitute "evidence" to support a Rule 60(b) motion. Acco, Ltd. v. Rich Kids Jean Corp., No. 15 Civ. 7425 (JSR), 2016 WL 3144053, at *2 (S.D.N.Y. Apr. 11, 2016) ("[A]llegations from another lawsuit are not evidence" (citing In re OSG Sec. Litig., 12 F. Supp. 3d 619, 622 (S.D.N.Y. 2014)); Delrosario v. City of New York, No. 07 CIV. 2027 (RJS), 2010 WL 882990, at *7 (S.D.N.Y. Mar. 4, 2010) ("Although this Court can take judicial notice of filings in other courts, it can do so only to acknowledge the existence of the lawsuit or filing, not for the truth of matters asserted in those claims."). The Court recognizes that accompanying affidavit of an individual with personal knowledge of certain facts, however, might constitute evidence if it meets the other requirements of the Federal Rules of Evidence.

But even these "evidence" run into other issues in the context of plaintiff's motion. Plaintiff's attempt to use such "evidence" in support of her motion is best

6

characterized as haphazard broad strokes of the brush.  In discussing actual claims, she fails to tie this new "evidence" to the Court's holdings, and fails to demonstrate that any such evidence would have likely changed the outcome of the Court's summary judgment decision.

The downfall of plaintiff's claims at summary judgment was not any resistance to the possibility that defendants defrauded other people—the Court takes no position on that—but rather that plaintiff, in this <u>individual</u> action, had not presented sufficient evidence to proceed to trial on the claims that defendants defrauded <u>her</u>.  It is worth noting that the Court had identified some of the most salient problems with plaintiff's specific case at the outset of the summary judgment opinion:

> According to plaintiff, she was dunned and sued by an unscrupulous company that knew the lease that formed the basis for its alleged entitlement to the debt had been forged.  Of course, an essential and implicit point in this story is that plaintiff never owed the debt in the first instance. The undisputed facts in the record tell a far different story.
> The record leaves no doubt that plaintiff applied to lease equipment, signed documentation agreeing to make such payments, submitted bank account information to allow payments to be taken directly, made payments for an extended period of time, and used the equipment.  The record also reveals that what happened next was due to unique and personal circumstances that plaintiff alone controlled: she closed up the business for which she used the equipment, returned the equipment to the wrong company, and stopped making payments for the equipment . . . .

(Summ. J. Op. at 1-2.)  Nothing about the NYAG action disturbs any of these undisputed facts about plaintiff's case and her inability to prove her case with record evidence.

7

The Court turns to plaintiff's specific arguments in her motion. Few of them actually reference what specific piece of evidence from the NYAG petition supports a likely different outcome on any of her claims, and thus necessarily fail.

First, as to the issue of intent for the fraud and extortion claims, plaintiff argues that the affidavits and documents attached the NYAG petition presents new evidence of defendants' intent as to various other lessees, and therefore constitute circumstantial evidence of intent to defraud plaintiff in this instant case. However, plaintiff only references the NYAG petition for the proposition that defendants knew of but did not investigate allegations of fraud in many leases—something plaintiff had already argued previously. (See Pl.'s Br. at 14-15.) In any event, plaintiff must have raised a triable issue as to plaintiff's intent as to <u>her</u> lease. She did not do so, and nothing she presents here fixes that problem. Importantly, the Court notes that plaintiff had acknowledged that she actually applied for credit for a credit card processing machine and <u>believed</u> she had such a lease. (See Summ. J. Op. at 8.) Furthermore, lack of evidence of intent was just one of several bases on which the Court had granted summary judgment to defendants on the fraud claims. For example, plaintiff also failed to raise a triable issue as to other mandatory elements such as reliance and injury. As to the extortion claim, plaintiff had also failed to raise a triable issue by

failing to meet the wrongful use requirement and cannot overcome the legal principle that even frivolous lawsuits cannot constitute extortion.

Plaintiff argues that the NYAG materials present a triable issue as to establishing a pattern of racketeering activity for the RICO claim. But this issue was not a basis for the Court's decision. (See Summ. J. Op. at 26, n.16 ("The Court need not separately reach the [racketeering] pattern issue . . . ").) Therefore, any new evidence on this issue would certainly not have led to a different result.

Next, as to the issue of whether defendants' behavior was "consumer-oriented" under N.Y. Gen. Bus. Law § 349, the Court notes that plaintiff had abandoned this argument long ago and cannot belatedly revive it. Plaintiff failed to respond to this argument when defendants raised it on summary judgment. (See Summ. J. Op. at 47.) Next, plaintiff had tried to belatedly reassert it in an opposition to defendants' motion to strike, but even in that context, acknowledged the fact of defendants' other collection suits in New York are solely to "prove the fact that Defendants received them." (Pl.'s Opp. Br. to Def.'s Mot. to Strike at 17-19; see also Summ. J. Op. at 48, n. 29.) Plaintiff cannot use another entity's lawsuit to revive her failure to adequately respond to defendants' summary judgment yet again. This Court also notes that its ruling was not that defendants' behavior was necessarily not consumer-oriented, but rather that plaintiff had failed to present record evidence that there such behavior as to her was consumer-oriented. (Summ.

9

J. Op. at 48-49.)  Finally, nothing plaintiff argues now can remedy the fact that plaintiff had failed to overcome the injury requirement of GBL § 349 as to several allegations.

As to the credit reporting statute claims,[3] plaintiff cites to no particular piece of evidence from the NYAG action that would direct a different result.  In fact, the only portion of the NYAG action she references is an affidavit where a witness stated that defendants would not release him from his lease, which—even if admissible as evidence—is irrelevant to the credit report statute claim plaintiff asserted.  Nor can anything in the NYAG action change the outcome of the Court's decision as to plaintiff herself.  She had not disputed the fact that defendants intended to access her credit report to decide whether or not to fund her lease and to collect on her account, both permissible purposes under the law.  (Summ. J. Op. at 33-34.)  Plaintiff argues instead that defendants pulled those reports to lower her credit score—a conclusion that is not supported by the evidence she presented in <u>her case</u>, and in any event does not change the outcome of the statutory determination.

    2.    <u>Rule 60(b)(1) Mistake</u>

Plaintiff also argues that the Court overlooked various issues she raised in her summary judgment briefing and therefore judgment should be altered under Rule 60(b)(1).  That rule is "available for a district court to correct legal errors by

---

[3]    The Court notes that plaintiff appears to only address the impermissible access claims.

the court." United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009). It is also available for corrections of mistakes of fact. In re 310 Associates, 346 F.3d 31, 35 (2d Cir. 2003).

Plaintiff's arguments on this basis are not cogent. First, she argues that this Court overlooked the fact that "long after knowing of the forgery here . . . Defendants asserted counterclaims in this Court based on that very forged lease." (Pl.'s Br. at 17.) It is unclear what plaintiff is arguing, since this Court obviously did not "overlook" the fact of defendants' counterclaim. Although plaintiff may lament defendants' filing a counterclaim against her, she had never asserted that defendants' counterclaim constituted or was evidence of some unlawful action. She also has presented no cogent argument for how this constitutes a basis for Rule 60(b)(1) alteration of judgment.

Second, plaintiff argues that the Court overlooked her RICO injury relating to the various expenses she expended in responding to the collection suit. The Court specifically noted that these expenses were the only possible basis for RICO injury, in which case her claim still fails on the other reasons the Court had listed. (See Summ. J. Op. at 31, n. 17.)

Third, plaintiff argues that the Court overlooked the case United States v. Eisen in determining that plaintiff failed to offer evidence of reliance. 974 F.2d 246 (2d Cir. 1995). Yet plaintiff has still never proffered any evidence of reliance on any alleged misrepresentation. She rehashes the argument that because she took actions to defend herself against defendants' lawsuit against her, she suffered

11

injury.  Injury is not the same thing as reliance.  Neither is the hope of reliance, which is all that plaintiff has claimed has occurred in this particular case.  The Court also notes that at all times, plaintiff's citation to <u>Eisen</u> here is inapposite as that case—an appeal from conviction of a criminal RICO prosecution—does not turn on whether any individual <u>relied</u> on the misrepresentations, but whether perjury and fake evidence can constitute fraud.  <u>See</u> <u>Eisen</u>, 974 F.2d at 253; <u>see also</u> <u>Bridge v. Phoenix Bond & Indem. Co.</u>, 553 U.S. 639, 649 (2008) ("If reliance is required, then, it must be by virtue of § 1964(c), which provides the [civil] right of action.").

      B.     <u>Section 1927 Sanctions</u>

Defendants cross-moved for sanctions, arguing that plaintiff should be responsible for paying the costs, expenses, and attorneys' fees reasonably incurred by defendants in responding to the Rule 60(b) motion and in responding to a letter motion from plaintiff regarding deadlines for briefing.  (<u>See</u> ECF Nos. 275, 277.)

Although the Court has rejected the merits of plaintiff's arguments, there is no showing that her motions were brought in bad faith or for some improper purpose such as delay.  <u>See</u> <u>In re 60 East 80th St. Equities</u>, 218 F.3d at 115.  Therefore, defendant's motion for costs, expenses and fees under § 1927 is denied.

IV.     CONCLUSION

The Court has considered parties' other arguments and have found them to be without merit.  For the reasons stated above, plaintiff's motion pursuant to Rule 60(b) and defendants' cross-motion pursuant to 28 U.S.C. § 1927 are both DENIED.  The Clerk of Court is directed to terminate the motions at ECF Nos. 269 and 272.

SO ORDERED.

Dated:      New York, New York
            June 9, 2016

_____
KATHERINE B. FORREST
United States District Judge