**MANDATE**

16-1142
Ritchie v. Taylor, et al.

N.Y.S.D. Case #
12-cv-4992(KBF)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1   At a stated term of the United States Court of Appeals
2   for the Second Circuit, held at the Thurgood Marshall United
3   States Courthouse, 40 Foley Square, in the City of New York,
4   on the 12th day of July, two thousand seventeen.
5
6   PRESENT: DENNIS JACOBS,
7            PIERRE N. LEVAL,
8            REENA RAGGI,
9                      Circuit Judges.
10
11  - - - - - - - - - - - - - - - - - - - -
12  Patricia J. Ritchie,
13
14       Plaintiff - Counter-
15       Defendant - Appellant,
16  v.                                            16-1142
17
18  Robert Taylor, Lease Finance Group,
19  LLC, Northern Leasing Systems, Inc.,
20  Ricardo Brown, Joseph I. Sussman,
21  Joseph I Sussman, PC, Jay Cohen,
22
23       Defendants - Counter-
24       Claimants - Appellees,
25
26  John Does, 1-50,
27
28       Defendant - Appellee.
29  - - - - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 2, 2017

1

MANDATE ISSUED ON 08/02/2017

| | | |
|---|---|---|
| **FOR APPELLANT:** | | KRISHNAN S. CHITTUR, Chittur & Associates, P.C., Ossining, New York. |
| **FOR APPELLEES:** | | THOMAS J. KAVALER, Cahill Gordon & Reindel LLP, New York, New York. |
| | | Robert D. Lillienstein, Moses & Singer LLP, New York, New York. |

Appeal from judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Patricia J. Ritchie appeals from the judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>) dismissing on summary judgment her claims under RICO, the Fair Credit Reporting Act, and state law, all arising out of her rental of a credit card reader. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We affirm for the reasons set forth below.

Plaintiff Ritchie was the principal of a California small business called Divorce Document Assistance. The primary defendant, Lease Finance Group, LLC ("LFG"), leases machines for swiping credit cards to small businesses,

generally relying on authorized independent sales organizations to market the leases.  One of them, Merchants Made Easy, offered Ritchie a lease in 2008 and sent her an application.  She signed the application and sent it back, along with a voided check.

But Ritchie never signed the lease agreement itself. Instead, Merchants Made Easy sent LFG a lease agreement (containing the same payment terms as the lease application) bearing Ritchie's forged signature on it.[1]  Merchants Made Easy warranted to LFG that the signature was valid.  LFG sent Ritchie the credit card machine and a welcome letter enclosing a copy of the forged lease.  Ritchie used the machine for 13 months, during which time LFG debited the monthly fee from her bank account.  When Ritchie shut down her business, in February 2010, she closed her bank account (which prevented LFG from debiting her account), and mailed the credit card machine to an incorrect address she found on the internet.  LFG began trying to collect the remaining payments due under the lease, which was non-cancellable. Ritchie ignored various calls, letters, and invoices.

---

[1] Ritchie asserts that the signature was forged, and defendants do not dispute that assertion for the purpose of this motion.

3

In February 2011, LFG sued Ritchie for breach of the lease in New York City Civil Court. She counterclaimed, asserting that the lease agreement was forged. Since LFG's collection efforts affected Ritchie's credit score, she wrote a letter of dispute to the credit reporting agency, Experian. Experian sent an automated form giving notice of the dispute to Northern Leasing Systems, Inc., an entity affiliated with LFG that services leases, and Northern reviewed its Ritchie files.

In 2012, Ritchie sued LFG, Northern, and various employees and attorneys of those two companies. The most recent version of her complaint alleges 12 claims: two RICO claims, two federal Fair Credit Reporting Act ("FCRA") claims related to the way the defendants obtained her credit score, two FCRA claims related to the way defendants investigated the credit dispute information from Experian, four state law analogues to her FCRA claims, a state law claim for fraud, and a state law claim for deceptive practices under N.Y. Gen. Bus. Law § 349. We affirm the grant of summary judgment as to all claims.[2]

---

[2] We also affirm, under an abuse of discretion standard, the district court's decision not to impose discovery sanctions upon the defendants.

**1.** The various RICO predicate acts Ritchie proposes all require specific intent. United States v. Regan, 937 F.2d 823, 827 (2d Cir.), amended, 946 F.2d 188 (2d Cir. 1991) (mail and wire fraud); United States v. Scacchetti, 668 F.2d 643, 649 (2d Cir. 1982) (Hobbs Act extortion); Flickinger v. Harold C. Brown & Co., 947 F.2d 595, 599 (2d Cir. 1991) (New York common law fraud). Ritchie has failed to raise a genuine dispute as to the defendants' intent. There is no evidence in the record that the defendants prepared--much less forged Ritchie's signature on--the lease. Nor is there any evidence indicating that they knew or should have known about the alleged forgery until Ritchie filed her answer and counterclaim. Rather, the adduced circumstantial evidence indicates that Merchants Made Easy prepared the lease and warranted to defendants that Ritchie's signature thereon was real. Further, Ritchie received and used the leased machine for 13 months while payments consistent with the lease were deducted from her bank account, all without complaint. On this record, no reasonable juror could have concluded that the defendants knew of the forgery.

The district court declined to reconsider that ruling when faced with a Rule 60(b)(2) motion based on a lawsuit filed by the New York Attorney General. We review such decisions for abuse of discretion; they are to be granted "only upon a showing of exceptional circumstances," and then only when the evidence is admissible. United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391-92 (2d Cir. 2001). Allegations in a lawsuit are not admissible evidence, and Ritchie makes no attempt to show that the affidavits proffered in that case are admissible in hers. In any event, the district court did not abuse its discretion in concluding that relief was not justified by extraordinary circumstances.

Since the lack of specific intent is fatal to all of Ritchie's proposed RICO predicate acts, her substantive RICO claim was therefore properly dismissed. Her RICO conspiracy claim fails for the same reason. First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 182 (2d Cir. 2004).

**2.** FCRA imposes civil liability on anyone "who obtains a consumer report from a consumer reporting agency" without a "permissible purpose." 15 U.S.C. §§ 1681n(b), 1681o. The defendants accessed Ritchie's credit report

6

several times when pricing her lease and when attempting collection. Both of those purposes are "permissible" under FCRA. Id. at § 1681b(a)(3)(A).

   3.   Ritchie argues that when Experian notified defendants that Ritchie's signature was disputed, FCRA required them to "conduct an investigation with respect to the disputed information," "review all relevant information provided," and "report the results of the investigation to [Experian]." 15 U.S.C. § 1681s-2(b)(1). They did all those things. That they did so in as little as two minutes does not mean that they violated the statute.

   4.   Ritchie sues under the state law analogues to each of her FCRA claims. Defendants argued to the district court that the state law only protected New York residents. Ritchie did not address this argument in the district court, and the district court ruled against her on it. Ritchie has again failed to argue the issue in her opening appellate brief, and defendants again press the argument on appeal. We need not reach the merits of this argument; her opposition to it is forfeited, and we affirm on that basis. EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 625 n.1 (2d Cir. 2007).

    **5.**  Ritchie's common-law fraud claim requires actual reliance. <u>Flickinger</u>, 947 F.2d at 599. Since Ritchie does not allege that she was deceived by the defendants' alleged false statements about her signature on the lease, the claim fails.

    **6.**  Finally, Ritchie brings a claim for deceptive business practices pursuant to N.Y. Gen. Bus. Law § 349. That claim was properly dismissed because Ritchie failed to adduce evidence that the defendants engaged in "deceptive acts and practices" as the statute requires. <u>Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.</u>, 85 N.Y.2d 20, 26 (1995).

    For the foregoing reasons, and finding no merit in Ritchie's other arguments, we hereby **AFFIRM** the judgment of the district court.

```
                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK
```

*[Signature: Catherine O'Hagan Wolfe]*
*[Seal: United States Court of Appeals, Second Circuit]*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit
*[Signature and seal]*