**BROMBERG LAW OFFICE, P.C.**

Brian L. Bromberg (Admitted in NY, NJ & CA)                                 26 Broadway, 21st Floor
                                                                                                               New York, NY 10004
                                                                                                                Phone: (212) 248-7906
                                                                                                                Fax:     (212) 248-7908

November 24, 2017

<u>Via ECF</u>
Honorable Katherine B. Forrest, U.S.D.J.
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Ritchie v. Northern Leasing Systems, Inc.*, 12-CV-4992 (KBF)

Dear Judge Forrest:

      Defendants have demanded $1,106,152.94, for 17 attorneys alleged to have worked on this case (with billing rates from $234 to $1,195 an hour), together with fees for support staff, experts, and every conceivable expense incurred by two major New York law firms. **I am writing to request (a) that Defendants' motion be stricken as a manifest overreach, or, (b) at the very least, that the issue of amount of sanctions be postponed until the Court decides, in the first place, whether liability exists (it does not), and (c) only if there is a finding of liability, that the Court direct Defendants to re-submit their demand in compliance with controlling law.**

**I.      The Governing Law**

    **A.  Movants Must Provide Specific, Detailed Causal Nexus**

      A sanctions order, if entered at all, "is limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith," *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1183–84 (2017). This is a "but-for" causation standard, so that

> *The court's fundamental job is to determine whether a given legal fee—say, for taking a deposition or drafting a motion—would or would not have been incurred in the absence of the sanctioned conduct.* The award is then the sum total of the fees that, except for the misbehavior, would not have accrued

*Goodyear*, 137 S. Ct. at 1187 (2017) (emphasis added). Hence, a demand for "all" legal fees and expenses cannot stand; as the Second Circuit has clarified:

> an award of costs and attorney's fees and sanctions must be related *causally*—and not simply *temporally*—to the sanctionable conduct. . . Sanctions beyond that are punitive rather than compensatory and therefore may not be imposed without "procedural guarantees applicable in criminal cases, such as a 'beyond a reasonable doubt' standard of proof." . . Because the district court here did

essentially what the district court did in *Goodyear*—awarded all costs and attorney's fees for what the court found was particularly egregious conduct—its decision was legally unsound.

*Virginia Properties, LLC*, 865 F.3d 110, 114 (2d Cir. 2017) (emphasis in original).

Further, "The applicant should exercise 'billing judgment'", *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) *Counsel seeking fees must "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," id.* at 434, and "failure to do so can result in denial of fees altogether," *Toussie v. Cty. of Suffolk,* 2012 WL 3860760, at *5 (E.D.N.Y. Sept. 6, 2012) (emphasis added) (*citing Fair Hous. Council v. Landow*, 999 F.2d 92, 93 (4th Cir.1993) (reversing district court's award of $20,000 and remanding with instructions to deny the fee request in its entirety because it was "so outrageously excessive so as to shock the conscience of the court"); *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir.1980) (finding that the denial of an "outrageously excessive" fee request was "an entirely appropriate, and hopefully effective, means of encouraging counsel to maintain adequate records and submit reasonable, carefully calculated, and conscientiously measured claims when seeking statutory counsel fees"); *Lewis v. Kendrick*, 944 F.2d 949, 956 (1st Cir.1991) (reversing district court's fee award because "turn[ing] a single wrongful arrest into a half year's work, and seek[ing] payment therefor, with costs, amounting to 140 times the worth of the injury, is, to use a benign word, inexcusable"); *Scham v. Dist. Cts. Trying Crim. Cases*, 148 F.3d 554, 557–58 (5th Cir.1998) (upholding denial of an "outrageous" request for attorney's fees)); *accord, Hui Lan Weng v. Fancy Lee Sushi Bar & Grill, Inc.*, 2017 WL 5564892, at *2 (E.D.N.Y. Nov. 3, 2017), *report and recommendation adopted*, 2017 WL 5564593 (E.D.N.Y. Nov. 18, 2017)).

### B. Exorbitant Requests Should Be Denied In their Entirety

Sanctions may be denied even where "otherwise warranted . . . because the request is for an exorbitant amount." *Budget Rent-A-Car Sys., Inc. v. Consol. Equity LLC*, 428 F.3d 717, 718 (7th Cir. 2005) (*citing Vocca v. Playboy Hotel of Chicago, Inc.*, 686 F.2d 605, 607-08 (7th Cir.1982); *Brown*, 612 F.2d 1057; *Peter v. Jax*, 187 F.3d 829, 837-38 (8th Cir.1999); *Fair Housing Council*, 999 F.2d at 96-97; *Lewis*, 944 F.2d at 957-58)).

When an award of fees is permissive, *denial is an appropriate sanction for requesting an award that is not merely excessive, but so exorbitant as to constitute an abuse of the process of the court asked to make the award.*

*Budget Rent-A-Car*, 428 F.3d at 718 (emphasis added); *see also Lexon Insurance Co. v. Community & Southern Bank*, 608 Fed.Appx. 918, 919 (11th Cir. 2015) (unpublished decision); *Environmental Defense Fund, Inc. v. Reilly*, 1 F.3d 1254, 1258 (D.C. Cir. 1993).[1]

---

[1] Indisputably, the sanctions sought here are permissive, not mandatory. *In re Saint Vincent's*

### C. Defendants' Fee Request is Exorbitant And Should Be Summarily Denied

To begin with, Defendants' motion is meritless. Ms. Ritchie *never* alleged that every individual defendant *personally* accessed Ms. Ritchie's credit report, and Defendants' demand for dismissal of the Complaint on this very ground was rejected by Judge Karas in this case, as well as *Aldrich v. Northern Leasing Systems, Inc.*, 2009 WL 889959 (N.Y. Sup. N.Y. Co. Mar. 12, 2009). *Further*, courts have ruled that a forged document *cannot* be the basis for a permissible pull under FCRA. *N. Leasing Sys., Inc. v. Kollars*, 56 Misc. 3d 131(A) (N.Y. App. Term. 2017). Thus, the FCRA/NYFCRA allegations cannot be said to be in "subjective bad faith," and are not sanctionable at all.

Moreover, as clear from the evidence, good reason existed to believe at the time that this action was filed that Defendants knew of the forgery before commencing the NYCCC lawsuit against Ms. Ritchie because (a) Ms. Ritchie's signature on the MME application was *clearly* different from her alleged signature on Defendants' lease; (b) Defendants' lease had *no* fax marks to indicate that it was, in fact, received from California; and hence, (c) Defendants lease was forged in New York. Significantly, even in their summary judgment motion in this case, Defendants did not contest their "pattern and practice" of commencing/persisting in bogus lawsuits. *In fact, they specifically stated that lack of pattern and practice is "not the basis of Defendants' argument."* Dkt. 216, at 1-2 n.1. Defendants' sanctions demand is thus, *entirely* baseless.

Even otherwise, it is clear that *at the very least,* not all allegations/claims are sanctionable. Thus, under *Goodyear*, the sanctions can only be for those specific depositions, motions, or other activity that would not have taken place "but for" the specific sanctionable allegation.

Put differently, even assuming without conceding that the isolated erroneous assertion, *i.e.,* that Ms. Ritchie informed Defendants of the forgery pre-commencement, was in fact due to counsel's bad faith rather than simple inadvertence – despite Ms. Ritchie's own Answer in the New York City Civil Court and despite her pre-filing review of the complaint herein – the question is what would be the fees and expenses "but for" that isolated error. Defendants have made no attempt whatsoever to provide the *causal nexus* to meet controlling standards.

Furthermore, Defendants' counterclaims were *indisputably* in bad faith. Defendants say nothing – not one word – in defense; not surprising. Thus, the court would have to abate any sanctions against Ms. Ritchie's counsel based on Defendants' misconduct and "award two separate sanctions. They may cancel out but the district court must explain each sanction and its effect on the other one so that each party's wrongful act is punished." *Budget Rent-A-Car*, 428 F.3d at 718 (*citing Frantz v. U.S. Powerlifting Federation*, 836 F.2d 1063, 1065-66 (7th Cir. 1987), and *In re Central Ice Cream Co.*, 836 F.2d 1068, 1074-75 (7th Cir. 1987)).

Here, Defendants have demanded "every penny," as their counsel stated in open court, and have dumped a huge binder with about 75 exhibits running to 300-400 pages of redacted numbers, law firm time-sheets for attorneys, paralegal and everyone else, expert fees, and expense sheets, leaving it to the Court to sort out the mess to isolate the *causal nexus* with the

alleged misconduct. This is an attempt to put Krishnan Chittur, Esq., out of business for pursuing Defendants successfully in state court. In other words, by seeking more than $1.1 million – an amount that bears no causal connection to the alleged violations under § 1927 – Defendants are hoping to eliminate one of the few attorneys who have dared to take them on.

Furthermore, by attacking Mr. Chittur, Defendants also appear to be hoping to create a perception that the New York Attorney General's case is frivolous when – as attested to by Carolyn Coffey, Esq., in her declaration in opposition, and by Keith Altman, Esq., on the stand – Defendants actions in state court have caused and are causing serious damage to mom-and-pop businesses throughout the nation.

Respectfully,

/s/ Brian L. Bromberg
Brian L. Bromberg

cc:     All Attorneys of Record (via ECF)