# MOSES & SINGER LLP

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Robert D. Lillienstein
Direct Dial: 212.554.7807
Fax: 917.206.4307
E-Mail: rlillienstein@mosessinger.com

January 24, 2018

**Via ECF**
Hon. Katherine B. Forrest
United States District Court
500 Pearl Street, Room 2230
New York, New York  10007-1312

    Re: *Ritchie v. Northern Leasing Systems, Inc. et al*;
      **No. 12-cv-4992 (KBF)**

Dear Judge Forrest:

  I write in response to the Court's directive (ECF No. 330) to provide the Court with a status report concerning the bankruptcy cases filed by Chittur & Associates, P.C. ("C&A") and Krishnan Shanker Chittur and their effect on Movants' motion for sanctions (ECF No. 287) (the "Sanctions Motion"). That motion was administratively terminated and held in abeyance on December 14, 2017 pending the Court's receipt of status reports from the parties. (ECF No. 330).

**Status of the Chittur Bankruptcy**

  Mr. Chittur filed a petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York on October 12, 2016 (16-bk-23397 [RDD]) (the "Chittur Bankruptcy"). A copy of the Petition is submitted as Exhibit A. An Order Discharging Debtor (the "Discharge Order") was issued in the Chittur Bankruptcy on September 21, 2017. A copy of the Discharge Order is annexed hereto as Exhibit B. The Chittur Bankruptcy remains open.

  As reflected in the Certificate of Notice filed on October 16, 2016 (Exhibit C), notice of the Chittur Bankruptcy filing was not sent to any of the Movants or their counsel. No notice of the Chittur Bankruptcy has ever been provided to any of the Movants or their counsel. Further, Mr. Chittur's contingent, unliquidated debt to Movants has never been listed on any schedule filed by Mr. Chittur in the Chittur Bankruptcy.

  Movants first learned of the bankruptcy case filed by C&A (the "C&A Bankruptcy") and the Chittur Bankruptcy on November 1, 2017, when one of the Movants, Joseph Sussman, did a search on Pacer for cases involving Mr. Chittur and came upon the C&A Bankruptcy, which led

Hon. Katherine B. Forrest
January 24, 2018
Page 2

at a later point to the discovery of the Chittur Bankruptcy. Prior to November 1, 2017, Movants had no notice or actual knowledge of either the C&A Bankruptcy or the Chittur Bankruptcy.

### A. The Automatic Stay No Longer Applies To Proceedings Against Mr. Chittur

Under 11 U.S.C. § 362(c)(2)(C), the automatic stay in bankruptcy does not apply to any individual who has received a discharge in Chapter 7. Because Mr. Chittur received a discharge on September 21, 2017, the automatic stay ceased to apply as of that date.

### B. Mr. Chittur's Unliquidated Debt To Movants Has Not Been Discharged

Based on the facts that have now come to light, Movants ask the Court to rule that the Discharge Order does not discharge Mr. Chittur's contingent, unliquidated debt to Movants, and that there is no legal impediment to the resumption of the Sanctions Motion as to Mr. Chittur as a result of the Chittur Bankruptcy.

Mr. Chittur did not list Movants' claim as an unliquidated debt in his bankruptcy schedules and Movants did not receive notice of the Chittur Bankruptcy. Because Movants had no actual knowledge of the Chittur Bankruptcy prior to the Discharge Order, the injunction contained therein should not apply to the Sanctions Motion. *In re Massa*, 187 F.3d 292 (2d Cir. 1999); 11 U.S.C. §523(a)(3)(B). Had Movants been notified of Mr. Chittur's Chapter 7 filing, Movants would have been able to successfully object to discharge of Mr. Chittur's unliquidated debt to Movants under 11 U.S.C. §563(a)(6) on the ground that his debt to Movants was the result of willful and malicious conduct on the part of Mr. Chittur, i.e. his bad faith filing of multiple pleadings that contain factual allegations for which there never was any evidentiary support, and his bad faith conduct in pursuing claims on behalf of Ms. Ritchie even after both he and Ms. Ritchie admitted that there was no factual basis for those allegations.

For the foregoing reasons, Movants respectfully ask the Court to determine that Mr. Chittur's contingent, unliquidated debt to Movants was not discharged by the Discharge Order, that the discharge injunction under 11 U.S.C. §524 does not apply to proceedings against Mr. Chittur in connection with the Sanctions Motion, and that there is no impediment to further proceedings in connection with the Sanctions Motion against Mr. Chittur as a result of the Chittur Bankruptcy.

### The C&A Bankruptcy

C&A filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (16-bk-22704 [RDD]) on May 24, 2016. A copy of the C&A Bankruptcy Petition is annexed hereto as Exhibit D.

C&A filed a motion to voluntarily dismiss the C&A Bankruptcy on December 7, 2017. (ECF No. 138). That motion is returnable on February 13, 2018. If that motion is granted, there

3871293 011082.0151

Hon. Katherine B. Forrest
January 24, 2018
Page 3

will be no impediment to moving forward with the Sanctions Motion as against C&A. However, until that motion is decided, the automatic stay applies.

Movants filed a Motion For Relief From the Automatic Stay to permit Movants to liquidate their claim against C&A in this Court on January 23, 2018. That motion is returnable on February 13, 2018. Movants ask the Court to continue to hold the Sanctions Motion in abeyance until Movants' motion for relief from the stay in the C&A bankruptcy is decided by the bankruptcy court, or until the C&A Bankruptcy is dismissed, whichever comes first.

Respectfully submitted,

MOSES & SINGER LLP

/s/

Robert D. Lillienstein

cc: VIA ECF
Thomas J. Kavaler, Esq.
Scott E. Silberfein, Esq.
Krishnan S. Chittur, Esq.

So ordered.

KBF
USDJ
1/25/18

3871293 011082.0151